J-S28010-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| JOSE ALBERTO ESTEVEZ, | |
| Appellant | No. 1451 MDA 2014 |

Appeal from the Judgment of Sentence July 28, 2014
In the Court of Common Pleas of Lancaster County
Criminal Division at No(s): CP-36-CR-0001433-2013

BEFORE:  BOWES, ALLEN, and LAZARUS, JJ.

MEMORANDUM BY BOWES, J.:                          **FILED JUNE 26, 2015**

Jose Alberto Estevez appeals from the judgment of sentence of ten to twenty years incarceration that the trial court imposed after a jury found him guilty of attempted murder.  We affirm.

Appellant and the victim, Sacha Cruz, were involved in a tumultuous romantic relationship.  At the time of the incident herein, the two were living together at the victim's mother's home.  On July 4, 2013, after Appellant slapped the victim in the face, she told Appellant that he had to move out. She agreed, however, to allow Appellant to remain for their daughter's birthday party on July 6.  Appellant, nevertheless, remained in the home after that date.  On July 10, 2013, Appellant telephoned the victim at her place of work and told her that he and her children were at her sister's home

swimming. When she arrived, Appellant departed to the couple's abode. He then returned and ultimately, using a knife, stabbed the victim in her chest, torso, and arms. Ms. Cruz suffered a collapsed lung and pancreatic injuries as a result. The Commonwealth charged Appellant with attempted homicide and the matter proceeded to trial.

At trial, the prosecution introduced testimony from Wanda Rodriguez regarding interaction between Appellant and the victim at their daughter's July 6 birthday party. Over a general objection, Ms. Rodriguez was permitted to testify that she asked Ms. Cruz to come with her for a moment so that she could give Ms. Cruz a gift. Ms. Rodriguez described how Ms. Cruz then looked to Appellant, who told her that she could go with Ms. Rodriguez. It is this evidence that Appellant challenges on appeal.

As noted, the jury found Appellant guilty of attempted murder. The court imposed sentence on July 28, 2014. Appellant timely appealed. The trial court directed Appellant to file and serve a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Appellant complied, and the trial court authored a Rule 1925(a) opinion. The matter is now ready for this Court's consideration. The sole issue Appellant levels on appeal is as follows.

> I. Did the trial court err in admitting Wanda Rodriguez's testimony regarding Mr. Estevez's behavior at his son's [sic] birthday party on July 6[th], where this testimony was offered as evidence of a crime, wrong, or other act to

prove Mr. Estevez's motive, or intent, without prior notice to defense counsel as required by Pennsylvania Rule of Evidence 404(b)(3)?

Appellant's brief at 4.

Appellant contends that Ms. Rodriguez's testimony was improperly admitted bad acts evidence. He notes that the Commonwealth did not provide a notice of intent to introduce this evidence, in contrast to evidence that he previously slapped the victim across the face on two occasions. Appellant maintains that Ms. Rodriguez's testimony was offered to prove Appellant's extremely controlling behavior and to provide a motive to kill her because she wanted to leave him. The Commonwealth responds that Ms. Rodriguez's testimony "did not describe any 'crime, wrong, or act' committed by [Appellant] on July 6." Commonwealth's brief at 8. It posits that the evidence was introduced to demonstrate the victim's fear of Appellant and that notice under Rule 404(b)(3) was not required.

Evidence of bad acts is inadmissible to prove that a defendant has bad character or a criminal propensity. *See* Pa.R.E. 404(b). However, bad acts evidence is admissible for a host of reasons including to prove motive, intent, knowledge, absence of mistake, common scheme, to establish identity, and as part of the chain of events that form the history of the case. Pa.R.E. 404(b)(2); *Commonwealth v. Brown*, 52 A.3d 320 (Pa.Super. 2012). The probative value of the bad acts evidence must also outweigh its

prejudicial impact in order to be admissible. ***Commonwealth v. Powell***, 956 A.2d 406, 419 (Pa. 2008). The Commonwealth must provide notice that it intends to introduce bad acts evidence. Pa.R.E. 404(b)(3) ("In a criminal case the prosecutor must provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence the prosecutor intends to introduce at trial."). We consider the admission of such evidence under an abuse of discretion standard. ***Commonwealth v. Patterson***, 91 A.3d 55, 68 (Pa. 2014).

Instantly, it is questionable whether Ms. Rodriguez's testimony is bad acts evidence. Here, Ms. Rodriguez testified that, four days before the stabbing, the victim appeared timid and Appellant acted jealous at their daughter's birthday party. In support of this contention, she set forth that when she went to give the victim a gift, the victim initially indicated she could not accept while looking at Appellant before Appellant signaled she could take the gift. This evidence does not refer to criminal wrongdoing or a bad act. Rather, it describes an interaction between the couple and the inference the witness derived therefrom.

To the extent that it can be construed as other bad acts evidence, we find that Appellant is due no relief. The evidence that Appellant stabbed the victim was overwhelming. The victim described the incident. Her sister also

testified to hearing cries from the victim and seeing Appellant striking the victim in the abdomen. Similar testimony was provided by the victim's sister's fiancé. While they did not see Appellant holding a knife as he was striking her, the victim's sister immediately noticed blood. The victim's clothes were cut, and she was taken to the hospital where she underwent surgery. Appellant immediately fled the area, before turning himself over to police. He also was recorded on the prison telephone system accepting responsibility for his actions. Appellant cannot establish prejudice as a result of the admission of the evidence in question.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/26/2015